# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| **vs.** ) | **CRIMINAL ACTION 05-00112-WS** |
| **MANUEL SEPEDA,** ) | |
| **Defendant.** ) | |

## ORDER

This matter is before the court on the defendant's motion to continue trial wherein defendant sets forth that he is currently incarcerated in the Dallas, Texas County Jail. (Doc. 19).  Defendant sets forth that due to his detention, counsel has been unable to review the discovery with the defendant.  Defendant also sets forth that a request has been made for his return to this District.  Defendant also sets forth that the Government does not oppose this motion.

Defendant was arraigned in this District on May 12, 2005. (Doc. 8).  He was not detained in this District pending trial and returned to Texas where he was supervised by U.S. Pretrial Services. (Doc. 19).  On May 19, 2005, he was arrested in Dallas, Texas and on June 7, 2005, sentenced to 180 days in the Dallas County Jail for failure to pay child support. (Doc. 19).

Because of defendant's incarceration, his attorney was not able to communicate with him. Also, the Government was unable to secure defendant's attendance for the July criminal term.[1]  Under these circumstances, the undersigned finds that the ends of justice served by allowing a continuance outweigh

---

[1] On June 9, 2005, a Writ of Habeas Corpus ad Prosequendum was issued and the defendant is scheduled to appear in this District on July 12, 2005 for his pretrial conference and to remain in this District for the August 2005 criminal term. (Doc. 18).

the best interests of the public and the defendant in a speedy trial.  For purposes of the Speedy Trial Act, any delay resulting from this continuance is excludable pursuant to 18 U.S.C. § 3161(h)(8)(A). Additionally, due to defendant's arrest after release on federal charges, he was unavailable for continuing prosecution in this District which will be remedied by execution of the Writ of Habeas Corpus ad Prosequendum.  For purposes of the Speedy Trial Act, any period of delay resulting from defendant's unavailability is excludable.

18 U.S.C. § 3161(h)(3)(A)

Accordingly, the motion to continue is **GRANTED** and this action is continued to the August 2005 criminal trial term.  The Clerk of the Court is directed to refer this file to U.S. Magistrate Judge William E. Cassady to reschedule the pretrial conference and probation office conference.[2]

**DONE** this the 9th  day of June, 2005.

/s / Kristi D. Lee
**KRISTI  D.  LEE**
**UNITED STATES MAGISTRATE JUDGE**

---

[2]  This Court previously granted defendant's motion to continue his probation office conference. (Doc. 16).